MARK S. GEMPELER, Corporation Counsel Waukesha County
You have asked my opinion whether attorney's fees are chargeable against public assistance recovered in a personal injury action under the terms of sec. 49.65 (4), Stats.
In my opinion the answer is no.
Section 49.65, Stats., establishes the rights of the Department of Health and Social Services, counties, and municipalities to recover from a tortfeasor for public assistance benefits paid under ch. 49, Stats., to the person injured by the tort. These units of government are subrogated to the rights of the injured benefit recipient. Sec. 49.65 (1), Stats. Further, they may require the recipient to execute to them an assignment in order to make claim against the third-party tortfeasor. The unit of government and the public assistance recipient may jointly prosecute the claim, in which case each has an equal voice in the prosecution. Sec. 49.65 (3), Stats.
The subsections of sec. 49.65, Stats., which are particularly material to your question are (4), (5), and (6). which provide:
 (4) Reasonable costs of collection including attorney's fees shall be deducted first. The amount of assistance granted as a result of the occurrence of the injury, sickness or death shall be deducted next and the remainder shall be paid to the public assistance recipient. The amount of the medical assistance funds recovered shall be subject to fees and proration as is set forth in sub. (6).
 (5) The department shall enforce its rights under this section and may contract for the recovery of any claim or right of indemnity arising under this section. *Page 62 
 (6) The county agency shall be entitled to retain from the total amount recovered an amount equal to one-tenth of the funds received. The remaining amount shall be deposited in the state treasury to the respective appropriation from which the assistance was paid and this amount shall be prorated between the federal government and the state government on the basis of the proportionate amount each contributed.
In allocating the recovery among attorney's fees, the public assistance benefit paid, and the amount recoverable by the recipient, subsec. (4) on its face indicates that the full amount of the public assistance benefit shall be deducted after reasonable attorney's fees first have been deducted. The phrase " [t]he amount of assistance granted . . . shall be deducted" is not modified for attorney's fees. In contrast, the recipient is to receive "the remainder." The use of the word "remainder" indicates that it is the amount otherwise recoverable by the recipient which is reduced first by attorney's fees and then by the public assistance granted. By using the word "remainder" in this way, and by not using a similar qualifier in regard to the public assistance benefit, the more reasonable construction is that only the recovery by the recipient and not recovered public assistance is subject to reduction for attorney's fees.
This statute contemplates that a private attorney will bring suit on behalf of the injured recipient of assistance. Out of the judgment obtained the attorney first takes his fees. Then the assistance claim is paid in full. Then the injured person takes the remainder. Assume the judgment is for $10,000. The attorney's contingent fee is one-third of the judgment, and the assistance claim is $2,000. It would divide as follows:
 Judgment $10,000.00 1/3 attorney's fees -3,333.00 ---------
 Balance $6,667.00 Assistance claim -2,000.00 --------- Balance to injured person $4,667.00
Clearly the assistance claim is to be paid in full. However, there is no reason to conclude that the attorney is not to get his one-third contingent fee computed upon the whole judgment. While the attorney *Page 63 
takes his one-third fee from the whole judgment, he does not take a further fee from the amount of the assistance claim, unless the county has so contracted with him as authorized by sec. 49.65 (5), Stats.
This conclusion is fortified by the other two subsections referred to. Subsection (S) empowers the Department to contract for the recovery of any claim. If the Department's recovery under subsec. (4) automatically were reduced by the cost of collection, subsec. (5) would not be needed to enable the Department to agree to pay attorney's fees for obtaining a recovery of the public assistance benefit it has granted. of course, the unit of government does not retain the recipient's counsel simply by giving him or her notice of its rights of subrogation under sec. 49.65, Stats., even though counsel then proceeds to see that the governmental share correctly is computed and disbursed from a final payout or judgment.
Finally, this conclusion is reinforced by reading in tandem the whole of subsec. (6) with the last sentence of subsec. (4). Subsection (4) provides the only qualifier to the amount of the public benefit recovered. It states that this amount is subject to "fees and proration as is set forth in sub. (6)." And subsec. (6) in turn makes no reduction for attorney's fees. Rather, it gives the pursuing county a fee of one-tenth of the recovery, deposits the remainder in the state treasury, and further divides this remainder between the applicable state and federal program contribution rates.
The statutory scheme grants the unit of government the right to full reimbursement, after costs of collection, prior to any disbursement to the plaintiff-recipient. However, the Department of Health and Social Services in the interest of settlement may compromise its priority, at least in part, to enable the recipient to benefit from commencing the litigation by realizing an appreciable recovery. It has not to date, I am advised, been the Department's policy in settling cases to permit costs of collection to come from what otherwise would be the Department's reimbursement.
In conclusion, having reduced the public benefit recovered only by the fee to the pursuing county and having reduced only the recipient's recovery by reasonable attorney's fees, it is my opinion that the Legislature *Page 64 
did not intend to reduce the public benefit recovered by attorney's fees.
BCL:CDH